# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GILBERTO RODRIGUEZ, | Civil Action No. 09 - 121E |
| Petitioner, | |
| v. | District Judge Sean J. McLaughlin |
| | Magistrate Judge Susan Paradise Baxter |
| U.S. FEDERAL BUREAU OF PRISONS, | |
| Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied.

**II.  REPORT**

Petitioner, Gilberto Rodriguez, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that he is in custody in violation of federal law because the federal Bureau of Prisons (BOP) calculated his sentences incorrectly. Specifically, he claims that the BOP abused its discretion by failing to allow him to serve his federal and state sentences concurrently as directed by the state sentencing judge. For the reasons set forth below, the Petition should be denied.

### A. Undisputed Relevant Factual and Procedural History

The record evidence, which Petitioner does not dispute, reflects the following facts. On January 5, 2006, Petitioner was arrested by the York City Police Department (Pennsylvania) for the delivery of heroin and remained in state custody thereafter. On August 1, 2006, Petitioner was borrowed by federal authorities per a federal writ of *habeas corpus ad prosequedum* and arrested for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §922(g)(1); he was returned to the state on the same day. After pleading guilty to the federal offense, on February 27, 2007, Petitioner was sentenced by the United States District Court for the Middle District of Pennsylvania to serve 10 years incarceration followed by 5 years of supervised release. On March 19, 2007, Petitioner was sentenced in the Court of Common Pleas of York County, Pennsylvania by the Honorable John S. Kennedy to serve a sentence of from five (5) to ten (10) years for the heroin charges. During the sentencing hearing, Judge Kennedy specifically stated the state sentence was

to be served concurrent with the ten year federal sentence. With respect to his Pennsylvania sentence, Petitioner was given credit for 438 days of prior custody credit for the time period from January 5, 2006 (the day he was arrested) to March 18, 2007 (the day before the state sentence was imposed). Petitioner currently is serving his Pennsylvania state sentence at the State Correctional Institution at Forest located in Marienville, Pennsylvania.

## B. Federal Sentence Calculation

The first bedrock principle that we must recognize in this case is that where an individual has committed crimes against two sovereigns, the issue of who has jurisdiction over him is a matter of comity between the two sovereigns. Ponzi v. Fessenden, 258 U.S. 254, 262 (1922). As to the federal government, the authority to exercise this comity rests with the Attorney General, and an individual may not complain about her decisions. *See* Poland v. Stewart, 117 F.3d 1094, 1098 (9th Cir.1997) ("It is the Attorney General's job to exercise the authority of the United States over federal prisoners. If she chooses to leave [an individual] in the custody of the State ..., neither [the individual] nor this court is in a position to say she lacks the authority under the Constitution to do so."); Bowman v. Wilson, 672 F.2d 1145, 1154 (3d Cir. 1982) (" '[t]he exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner.' ") (quoting Derengowski v. United States, 377 F.2d 223, 224 (8th Cir.1967)) (alteration by quoting court). A corollary to this principle is that a determination as to concurrence of sentence made by one sovereign does not bind the other. A prisoner may not, by agreeing with the state authorities to make his sentence concurrent with a federal sentence, "compel the federal government to grant a concurrent sentence." Pinaud v. James, 851 F.2d 27, 30 (2d Cir. 1988) (quoting United States v. Sackinger, 704 F.2d 29, 32 (2d Cir.1983)).

The "primary custody" doctrine developed to provide different sovereigns (in this case the state and the federal governments) with an orderly method by which to prosecute and incarcerate an individual who has violated each sovereign's laws. *See* Ponzi v. Fessenden, 258 U.S. 254 (1922). *See also* Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982); Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa.), *aff'd*, 100 F.3d 946 (3d Cir. 1996). In relevant part, the doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's

2

claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition. *See, e.g.*, Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until it "relinquishes its priority by, *e.g.*, bail release, dismissal of the state charges, parole release, or expiration of the sentence." Chambers, 920 F. Supp. at 622 (citations omitted). Producing a state prisoner under writ of *habeas corpus ad prosequendum* to answer federal charges does not relinquish state custody. Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir. 1991); Salley v. United States, 786 F.2d 546, 547-48 (2d Cir.1986) (defendant produced and sentenced in federal court via writ of *habeas corpus ad prosequendum* did not begin to serve consecutive federal sentence until delivered into federal custody).

The Attorney General, through the Bureau of Prisons (BOP)[1], has responsibility for imprisoning federal offenders. *See* 18 U.S.C. § 3621(a). *See also* United States v. Wilson, 503 U.S. 329, 333 (1992); United States v. Ifeoluwa, 238 Fed. App'x 895, 900 (3d Cir. 2007). The interpretation of a statute by the agency charged with administering it is entitled to some deference, so long as its interpretation is not clearly erroneous or contrary to law or the constitution. Reno v. Koray, 515 U.S. 50, 60 (1995). Thus, the standard of review of the BOP's actions in crediting Petitioner's federal sentences is limited to determining whether the BOP abused its discretion. Espinoza v. Sabol, 558 F.3d 83, (1st Cir. 2009) ("Most circuits consider that the district court's review of a BOP decision about credits is for abuse of discretion."). Moreover, the BOP is presumed to follow the law and so it is Petitioner's burden to show otherwise in this Section 2241 petition and to show that the BOP abused its discretion in calculating Petitioner's sentences. *See, e.g.*, Garner v.

---

1. The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual (PS 5880.28), which is available in full on its website, www.bop.gov. BOP Program Statements are internal agency guidelines, and in many cases the policies set forth therein are "akin to an interpretive rule." Reno v. Koray, 515 U.S. 50, 61 (1995). While the BOP policies at issue in this case are not entitled to the deference described in Chevron U.S.A. v. Natural Resources Defense Council, 467 U.S. 837, 842 (1984), the policies still are entitled to "some deference" from this court. Koray, 515 U.S. at 61; Roussos v. Menifee, 122 F.3d 159, 163-64 (3d Cir. 1997).

Jones, 529 U.S. 244, 256 (2000) ("we presume the Board [of Pardons and Paroles of Georgia] follows its statutory commands and internal policies in fulfilling its obligations."); United States v. Aviles, 623 F.2d 1192, 1198 (7th Cir. 1980) ("the presumption of regularity attends official acts of public officers and the courts presume that their official duties have been discharged properly.").

A federal prisoner's sentence calculation is governed by 18 U.S.C. § 3585, Calculation of a term of imprisonment. Paragraph (a) of the statute governs the date upon which a prisoner's sentence commences, and paragraph (b) governs credit he receives for time he spent in official detention prior to the date his sentence commenced. Thus, in any computation of a federal sentence, two separate decisions must be made: (1) when the federal sentence commences and (2) to what extent the defendant can receive credit for time spent in custody prior to commencement of sentence. Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa.), *aff'd*, 100 F.3d 946 (3d Cir. 1996). *See also* Dutton v. U.S. Attorney General, __ F.Supp.2d __, __, 2010 WL 2000370, at *3 (W.D.N.Y., May 20, 2010).

1. Commencement of a Federal Sentence

The date upon which a federal sentence commences is controlled by 18 U.S.C. § 3585(a), which provides as follows:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

The BOP has interpreted § 3585(a) such that it will not commence a federal sentence earlier than the date on which it was imposed. *See* PS 5880.28, Chapt. 1, Page 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."). *See also* Rashid v. Quintana, 372 Fed. App'x 260, 262 (3d Cir. 2010) ("A federal sentence commences when the defendant is received by the Attorney General for service of his federal sentence. *See* 18 U.S.C. § 3585(a). *See also* United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990). As a result,

a federal sentence cannot begin to run earlier than on the date on which it is imposed."); DeMartino v. Thompson, Civil No. 96-6322, 1997 WL 362260 at *2 (10th Cir. July 1, 1997) ("Logically, a [federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)).  Thus, a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.  Rashid, 372 Fed. App'x at 2, n.7; Peterson v. Marberry, Docket Civil No. 07-56, 2009 WL 55913 at *3-5 (W.D. Pa. Jan.5, 2009) (citing PS 5880.28, Chapt. 1, Pages 12-13, and explaining in detail BOP policies regarding § 3585(a)).

A threshold issue in determining the commencement date of a Federal sentence is whether the defendant was in primary Federal or primary non-Federal custody at the time the Federal sentence was imposed.  If the defendant was in primary Federal custody, the Federal sentence will commence upon imposition.  If, however, the defendant was in primary State or other non-Federal custody at the time the Federal sentence was imposed, the BOP must determine whether the **federal** sentencing court expressly indicated an intent as to whether the federal sentence should run concurrently or consecutively with the non-federal sentence.  If the Federal court expressly indicated an intention to have its sentence run concurrently with the non-Federal sentence, the Federal sentence will be deemed to commence upon imposition and the Bureau of Prisons will designate the State correctional facility as the place for the defendant to serve his Federal sentence.  If the Federal sentencing court was silent as to whether it intended its sentence to run concurrently, the court's silence will be construed as an intent to impose a consecutive sentence.  In such cases, the Federal sentence will commence only when primary non-Federal custody over the defendant is relinquished.

Here, the federal court did not order that Petitioner's federal sentence was to be served concurrent with his state sentence. In applying § 3584(a), the BOP presumes that federal and state sentences are to be served consecutively unless the federal sentencing court orders that the sentences are to be served concurrently. *See* PS 5880.28, Chapt. 1, Pages 31-33; PS 5160.05, Pages 2-7. Therefore, although the state court had directed that the state sentence be served concurrently with his federal sentence, the BOP did not consider the sentences to be concurrent because the federal sentencing court had not so ordered. Pennsylvania did not relinquish jurisdiction over Petitioner prior to his federal sentencing date. Petitioner was brought before the federal court pursuant to a writ of *habeas corpus ad prosequendum* but primary jurisdiction over him remained vested in the state; no triggering event occurred to shift primary jurisdiction to the federal government. Because Petitioner was in the primary custody of the state when his federal sentence was imposed, and because his federal sentence must be considered to have been imposed to run consecutive to any state sentence, he was returned to the state after his federal sentencing. Because he continues to be held in state custody, his federal sentence has not yet commenced to run.

2. Retroactive Designation under 18 U.S.C. § 3621(b)

Under 18 U.S.C. § 3621(b), the BOP has discretion to retroactively designate a state prison to be the place of commencement of a federal sentence. *See also* BOP Program Statement 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u>. Specifically, the BOP designates the state correctional institution (the primary custodian) for service of the federal sentence. Such retroactive designation allows a federal sentence to run concurrently with a state sentence as of the date a prisoner is sentenced by the federal court. In making this determination, the BOP is required to consider the following factors under 18 U.S.C. § 3621(b): (1) resources of the facility

contemplated; (2) nature and circumstances of the offense; (3) history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission.

In <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1990), the United States Court of Appeals for the Third Circuit discussed the BOP's authority to effectuate the service of concurrent federal and state sentences in circumstances when the intent of the federal sentencing court or the goals of the criminal justice system would make the exercise of that authority appropriate. For example, the BOP recognizes that the following might occur: the state had primary custody over an inmate, his federal sentence is imposed first, the federal sentencing court does not order that the federal sentence be served concurrently with any state sentence, and then the state court subsequently imposes a state sentence and orders that it is to be served concurrently with the federal sentence. <u>Barden</u>, 921 F.2d at 478-83; PS 5160.05, Pages 5-7. When this occurs, the inmate typically will have served his state sentence at a state institution and upon release is sent to federal custody for service of his federal sentence. The inmate is permitted to request that the BOP retroactively designate the state institution as the correctional institution where he began service of his federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), which in effect amounts to the imposition of a retroactive concurrent federal sentence. *Id*. at 478-83; PS 5160.05, Pages 5-7. The BOP may also consider the state court's sentencing order as a request that the inmate be permitted to serve his federal and state sentences concurrently. PS 5160.05, Page 7.

Although the BOP must consider the inmate's request for concurrent service of sentences, it is not obligated to grant the request. <u>Barden</u>, 921 F.2d at 478 n. 4 ("We recognize that neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and

7

federal sentences run concurrently."); PS 5160.05, Page 6 ("there is no obligation under Barden for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence."). The BOP will review the federal sentencing court's Judgment and Commitment Order, the state sentence data records, and any other pertinent information relating to the federal and state sentences. PS 5160.05, Pages 5-7.

In this case, on June 3, 2008, Petitioner sent a letter to the BOP's Designations and Sentence Computation Center (DSCC), inquiring whether he was receiving credit on his federal sentence despite the fact that he currently was serving a Pennsylvania sentence (ECF No. 6, p.17). In response to this request, on November 10, 2008, the DSCC sent a letter to the Honorable Christopher C. Conner, the federal sentencing judge, asking his opinion on retroactive (concurrent) designation of Petitioner's federal sentence with his current state sentence (ECF No. 10-1, p. 30). By letter dated November 21, 2008, Judge Conner responded to the DSCC's request as follows.

> I am in receipt of your letter regarding Gilberto Rodriguez's request for a retroactive (concurrent) designation. I have reviewed the court's records concerning Mr. Rodriguez's federal conviction on February 28, 2007 for possession of a firearm by a convicted felon. As noted in your letter, the Judgment and Commitment Order is silent concerning the relationship between Mr. Rodriguez's federal conviction and his subsequent state conviction. Quite simply, the record is silent because the state charges are not duplicative of the federal charges, and the court did not intend the federal conviction to run concurrent with Mr. Rodriguez's state charges.

ECF No. 10-1, p. 33.

On November 26, 2008, Petitioner was evaluated for a retroactive designation of the state institution for service of his federal sentence (ECF No. 10-1, p. 35). On December 11, 2008, Petitioner received the following notice from the DSCC that his request for retroactive designation was not approved.

> This is in response to your request for credit toward your federal sentence for time spent serving your state sentence. Title 18 U.S.C. § 3585(b), prohibits the application of this credit. However, as a result of the decision in <u>Barden v. Keohane</u>, 921 F.2d 476 (3'· Cir. 1990), the Bureau of Prisons (Bureau) considers an inmate's request for credit in such a case as a request for a retroactive (concurrent) designation.
>
> We have reviewed the merits of your case in accordance with the five factors in Title 18 U.S.C. § 3621(b); specifically, (1) the resources of the facility contemplated, (2) the nature and circumstances of the offense, (3) the history and characteristics of the prisoner, (4) any statement by the court that imposed the sentence, and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a) (2) of Title 28.
>
> Accordingly, we have determined the relevant factors under 18 U.S.C. § 3621 (b) are (2), (3) and (4). Under factor (2), your current federal offense of Possession of a Firearm by a Convicted Felon was considered. Under factor (3), your criminal history was also considered. That history includes, but is not limited to, Burglary, Theft, Possession of a Controlled Substance, Simple Assault, Forgery, and Criminal Conspiracy.
>
> Under factor (4), the federal Judgment in a Criminal (J&C) Case was reviewed and found to be silent regarding whether your sentence should run consecutively or concurrently to any other sentence. Title 18 U.S.C. § 3584 provides that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Nonetheless, the sentencing court was contacted regarding its intent. The court's response indicated the federal sentence was intended to run consecutive to the state sentence.
>
> Based on the above, we have determined that a *nunc pro tunc* designation is not appropriate. Therefore, your request is denied.

ECF No. 6, pp.18-19.

The BOP did not abuse its discretion in denying Petitioner's request for a retroactive concurrent designation. It considered as it must the factors set forth in § 3621(b) and concluded that such a designation was not warranted in Petitioner's case. Although the state court ordered the state

sentences that it imposed run concurrently with Petitioner's federal sentence, the BOP is charged with carrying out the sentence that the federal court imposed, not the sentence the state court imposed. The federal sentencing court did not order - at the time of sentencing or at any point subsequent to sentencing - that Petitioner serve his federal sentence concurrently with his state sentences. In fact, when asked by the BOP for an opinion regarding whether Petitioner should receive a retroactive concurrent designation the federal sentencing court recommended that the BOP deny Petitioner's request. Therefore, the BOP is not obligated to calculate Petitioner's federal sentence as concurrent with his state sentence.

While the Court is sympathetic to Petitioner's position, the Court is constrained by existing precedent and applicable rules of law to find that the BOP did not abuse its discretion in denying his request for retroactive designation. *See* Galloway v. Warden of F.C.I. Ft. Dix, 385 Fed. App'x 59, 65 (3d Cir. 2010) (affirming district court's denial of 2241 petition notwithstanding state court order directing state sentence to run concurrent to federal sentence). As such, his Petition must be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. *See* Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter

/s/ Susan Paradise Baxter
Susan Paradise Baxter
United States Magistrate Judge

Dated: February 14, 2011

cc: Gilberto Rodriguez
HA-8535
Fed. ID No. 13915-067
SCI Forest
P. O. Box 945
Marienville, PA 16239